UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

KIASHEEN WARD,

                          Plaintiff,

                -against-

Police Officer ARON BAKSH, Shield No. 7424; Police Officer MICHAEL KALISH, Shield No. 10483; Sergeant NIGEL FENTON, Shield No. 3741; and JOHN and JANE DOE 4 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14 CV 4030 (MKB) (VVP)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Kiasheen Ward ("plaintiff" or "Mr. Ward") is a resident of the State of New York.

7. Defendant Police Officer Aron Baksh, Shield No. 7424 ("Baksh"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Baksh is sued in his individual and official capacities.

8. Defendant Police Officer Michael Kalish, Shield No. 10483 ("Kalish"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kalish is sued in his individual and official capacities.

9. Defendant Sergeant Nigel Fenton, Shield No. 3741 ("Fenton"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fenton is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 4 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 4 through 10.

11. At all times relevant herein, defendants John and Jane Doe 4 through 10 were acting as agents, servants and employees of the City of New York and the

NYPD. Defendants John and Jane Doe 4 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 8 p.m. on or about September 19, 2012, Mr. Ward was lawfully operating his vehicle in the vicinity of Linden Boulevard and East 95th Street in Brooklyn, New York, with his fiancée and their puppy as passengers.

14. Without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants ordered Mr. Ward to pull his vehicle over.

15. Although Mr. Ward had committed no crime, offense or vehicular violation, defendants demanded that he exit his vehicle.

16. When Mr. Ward complied and exited his vehicle, defendants brutalized him including by slamming him up against his car.

17. Defendants handcuffed Mr. Ward and took him to a nearby prisoner van.

18. As defendants took him to the prisoner van a defendant officer deliberately slammed the door of the van into Mr. Ward's face.

19. While still handcuffed, defendants forcibly pushed plaintiff into the van

causing his head to slam against a seat inside the van and his lip to be sliced by a metal object protruding from the seat.

20. Once inside the van, defendants performed an intrusive and unlawful search of his person, including pulling his pants down and manipulating his private parts.

21. No contraband was ever recovered.

22. Plaintiff was eventually taken to the 73rd Precinct.

23. Injured and in pain from his injuries, Mr. Ward requested medical treatment, but defendants refused to obtain the same.

24. At the precinct officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit a crime or offense and prepared false paperwork.

25. At no point did the officers observe Mr. Ward violate the law.

26. Mr. Ward was eventually taken to Brooklyn Central Booking.

27. Because of his serious injuries, Mr. Ward was transported from Central Booking to a nearby hospital for treatment.

28. Following his treatment, plaintiff was returned to Central Booking.

29. After approximately 24 hours in custody, Mr. Ward was unceremoniously released from Central Booking without seeing a judge and without any explanation as to why he had been arrested and assaulted by defendants.

30.    Mr. Ward attempted to retrieve his car from police custody, but was unable to regain possession of his vehicle.

31.    Mr. Ward suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, damage to his reputation and loss of his property.

### FIRST CLAIM
### Unlawful Stop and Search

32.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

34.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### SECOND CLAIM
### False Arrest

35.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Unreasonable Force

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### Deliberate Indifference to Medical Needs

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

43. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   January 2, 2015
         New York, New York

                                             HARVIS WRIGHT & FETT LLP

                                             _____
                                             Gabriel Harvis
                                             305 Broadway, 14th Floor
                                             New York, New York 10007
                                             (212) 323-6880
                                             gharvis@hwf.nyc

                                             *Attorneys for plaintiff*